

Hughes Hubbard & Reed LLP
1775 I Street, N.W.
Washington, D.C. 20006-2401
Telephone: 202-721-4600
Fax: 202-721-4646
hugheshubbard.com

John M. Townsend
Direct Dial: 202-721-4640
townsend@hugheshubbard.com

15 October 2014
By Courier

H.E. Dimitry A. Medvedev
Prime Minister of the Russian Federation
Government of the Russian Federation Building
2 Krasnopresnenskaya Naberezhnaya
Moscow 103274
The Russian Federation

Prime Minister:

On 8 July 2014 and 24 July 2014, respectively, LLC Airport Belbek and PJSC CB PrivatBank ("PrivatBank") notified you of disputes that have arisen under the Agreement between the Government of the Russian Federation and the Cabinet of Ministers of the Ukraine on the Encouragement and Mutual Protection of Investments (the "Ukraine-Russian Federation BIT"). For your convenience, copies of the notification letters are attached as Annexes 1 and 2, respectively. To date, there has been no response by the Russian Federation to these letters.

The purpose of this letter is to bring to your attention further disputes that have arisen under the Ukraine-Russian Federation BIT as a result of a series of additional unlawful measures taken by Russian or Crimean authorities against PrivatBank and other companies and individuals with property and businesses in Crimea. Specifically:

**The Decision of the Kievsky District Court in the City of Simferopol of 18 August 2014**

On 18 August 2014, the Kievsky District Court in the City of Simferopol issued an order listing and attaching 24 properties. A copy of that order is attached as Annex 3. The Court's pretext for attaching those properties was a preliminary investigation by the Investigative Division of the Ministry of Internal Affairs for the Republic of Crimea that purported to find that PrivatBank's officers had failed to return, and had indeed stolen, funds belonging to certain Crimean depositors. The officers had done no such thing. Instead, as PrivatBank explained in its 24 July 2014 letter, the "shutdown of the bank's operations was the intended and direct result of Russian government measures" in Crimea.

The Kievsky District Court determined that PrivatBank was financially liable for the alleged acts of its officers. However, that Court did not attach any assets belonging to PrivatBank. Instead, the Court attached assets belonging to separate and legally distinct entities that operate in different business sectors. For example, the Court attached petrol stations owned by Crimea-Petrol LLC, Kirovogradnafta LLC, Rubenor LLC, Novel Estate LLC and Stabil LLC (See Annex 3, p. 2, item nos. 2-4, 6-12, 14-17 and 24).

The Kievsky District Court recognized that these entities were distinct from PrivatBank. It nevertheless concluded that these entities should be financially liable for the acts of PrivatBank's

officers based on its belief that the bank and the other entities ultimately share common owners. (See Annex 3, p. 1). Specifically, the Court reasoned that these companies were part of "the Privat financial group which, like PrivatBank Commercial Bank PJSC itself, is owned by Igor Valeryevich Kolomoisky[.]" (See Annex 3, p. 1). You are certainly aware that Mr. Kolomoisky is governor of the Dnipropetrovsk region of Ukraine and a leading opponent of the Russian Federation's intervention in Ukraine. You may also be aware that the "Privat financial group" is not a legal entity. The Court appears to have reached its conclusion based entirely on its hostility to Mr. Kolomoisky, without notice to or input from the actual owners of any of the properties concerned.

### The Decision of the Kievskiy District Court in the City of Simferopol of 1 September 2014

On 1 September 2014, the same District Court issued a similar order attaching 20 additional properties. A copy of that decision is attached as Annex 4. That order unlawfully attached two pieces of real estate owned by PJSC PrivatBank under the same pretext of compensating PrivatBank's Crimean depositors for injuries they had suffered as a result of the Russian Federation's unlawful actions against PrivatBank.

As with its 18 August 2014 order, the Court also attached properties belonging to companies that are separate and distinct from PrivatBank. Again, the Court's sole basis for the attachment appears to have been its belief that Mr. Kolomoisky had an interest in those companies.

The same order attached a liquefied gas loading point in Kerch leased and operated by TD Hermes Oil LLC ("Hermes Oil"), even though PrivatBank does not own the liquefied gas loading point in question or lease it to Hermes Oil. On 24 September 2014, police officers arrived at the premises of Hermes Oil in Kerch and executed the seizure of its property.

### The Decree of the State Council of the Republic of Crimea of 3 September 2014

On 3 September 2014, the State Council of the Republic of Crimea issued a decree expropriating 111 properties (the "Expropriation Decree"), including some of the same petrol stations attached by the two court orders described above. The Expropriation Decree also included other real property in which Mr. Kolomoisky was said to have an interest. A copy of the decree is attached as Annex 5.

The Press Secretary for the Chairman of the State Council of the Republic of Crimea issued a press release the same day that the Expropriation Decree was issued entitled "Nationalization of Property in Crimea to Cover PrivatBank's Debt to Depositors." That press release explained that the property expropriated under the Expropriation Decree "will be auctioned off and the funds thus recovered will be used to compensate the bank's depositors that had balances in excess of RUB 700 000," even though it was the Russian Federation, acting through the administration of Crimea, that had disrupted the relationship between PrivatBank and its depositors, and even though most of the property concerned did not belong to PrivatBank.

## Ongoing Breaches of the Ukraine-Russian Federation BIT

The measures described above evidence an intention of the Russian Federation and the Administration of Crimea to take action against any property in Crimea, or indeed within Russia, that they believe to be owned by or affiliated with PrivatBank or Mr. Kolomoisky, such as Belbek Airport. It would be pointless to engage in continued correspondence to draw additional acts of the same character to your attention. This letter accordingly constitutes notice that any further expropriation of or interference with properties belonging to PrivatBank or Mr. Kolomoisky, or of property belonging to others based on a perceived relationship between the property or its owners and PrivatBank or Mr. Kolomoisky, will be considered a breach of the Ukraine-Russian Federation BIT that will give rise to claims for the remedies provided by that treaty.

## The Measures Constitute Breaches of the Ukraine-Russian Federation BIT

The acts of the Crimean courts and the Crimean State Council concerning the properties affected by these orders and decrees is unlawful because (i) any harm to Crimean depositors in PrivatBank was caused by the Russian Federation's unlawful actions described in PrivatBank's letter of 24 July 2014, so there is no lawful basis for seizing or interfering with PrivatBank's investments; and (ii) the majority of the property seized is not owned by PrivatBank, but rather by separate legal entities or individuals.

The Russian Federation's targeting of PrivatBank and of any company and property in Crimea that the Russian Federation believes to be associated with Mr. Kolomoisky, including Belbek Airport, constitutes further and continuing breaches of the Ukraine-Russian Federation BIT. Specifically, but without limitation, the Russian Federation:

a. Expropriated the investments identified in each of the attached orders and decrees without payment of "prompt, adequate and effective compensation," as required by Article 5(1) of the Ukraine-Russian Federation BIT;

b. Failed to ensure "complete and unconditional" protection of these investments, in violation of Article 2(2) of the Ukraine-Russian Federation BIT;

c. Failed to accord PrivatBank, Belbek Airport, and the owners of the affected properties fair and equitable treatment, as required by Article 3(3) of the Japan-Russian Federation BIT and other BITs to which the Russian Federation is party, a protection applicable to PrivatBank and Belbek Airport by operation of Article 3(1) of the Ukraine-Russian Federation BIT;

d. Unreasonably impaired the business activities of the owners of the expropriated properties, including PrivatBank and Belbek Airport, in contravention of Article 3(3) of the Japan-Russian Federation BIT, a protection applicable to PrivatBank and those owners by virtue of Article 3(1) of the Ukraine-Russian Federation BIT;

4

e. Discriminated against PrivatBank, Belbek Airport, and the owners of the other expropriated properties in favor of Russian investors and investors of third countries other than Ukraine in violation of Article 3(1) of the Ukraine-Russian Federation BIT;

f. Impeded the transfer of investment related funds to and from mainland Ukraine, in violation of Article 7 of the Ukraine-Russian Federation BIT.

g. Breached Article 6 of the Ukraine-Russian Federation BIT by failing to grant to PrivatBank, Belbek Airport, and the owners of the other expropriated properties "a regime no less favorable than the one which [the Russian Federation] is granting to investors of any third state" with respect to damages those companies sustained as "a result of war, civil disturbances or other similar circumstances[.]"

This letter constitutes the written notice required by Article 9(2) of the Ukraine-Russian Federation BIT on behalf of the owners of all of the properties affected by the measures described in this letter. I remain at your disposal to negotiate with your designated representatives an amicable resolution of the disputes arising out of the measures described in this letter. If settlement should not be achieved, then our clients will be compelled to initiate arbitration against the Russian Federation in accordance with Article 9 of the Ukraine-Russian Federation BIT and to claim compensation for the fair value of all their businesses, assets, and operations that have been seized or impaired in value.

Very truly yours,

*[signature: John M. Townsend]*

John M. Townsend

Copy to:  H.E. Vladimir V. Putin         President of the Russian Federation
          H.E. Alexander V. Konovalov    Minister of Justice of the Russian Federation
          H.E. Sergei V. Lavrov          Minister of Foreign Affairs of the Russian Federation

64961298_1



Hughes Hubbard & Reed LLP
1775 I Street, N.W.
Washington, D.C. 20006-2401
Telephone: 202-721-4600
Fax: 202-721-4646
hugheshubbard.com

John M. Townsend
Direct Dial: 202-721-4640
townsend@hugheshubbard.com

31 October 2014

**BY COURIER**

H.E. Dimitry A. Medvedev
Prime Minister of the Russian Federation
Government of the Russian Federation Building
2 Krasnopresnenskaya Naberezhnaya
Moscow 103274
The Russian Federation

Prime Minister:

Further to our letter to you dated 15 October 2015, we enclose Annex 6, which lists all of the entities and persons known to date to have been harmed as a result of the unlawful actions of the Russian Federation and Crimean authorities described in that letter. All of those listed are "Investors of a Contracting Party," and specifically of Ukraine, within the meaning of the definition of that phrase in the Agreement between the Government of the Russian Federation and the Cabinet of Ministers of the Ukraine on the Encouragement and Mutual Protection of Investments (the "Ukraine-Russian Federation BIT"). We reserve the right to update this list as necessary.

We remain at your disposal to negotiate with your designated representatives an amicable resolution of the disputes arising out of these actions. If settlement cannot be achieved, then each and all of the entities identified in Annex 6 (as updated as necessary over time) will be entitled to initiate arbitration against the Russian Federation in accordance with Article 9 of the Ukraine-Russian Federation BIT and to claim compensation for the fair value of all their businesses, assets, and operations that have been taken or impaired in value in violation of the Ukraine-Russian Federation BIT.

Very truly yours,

*[signature]*

John M. Townsend

H.E. Dimitry A. Medvedev
31 October 2014
Page 2

| Copy to: | H.E. Vladimir V. Putin | President of the Russian Federation |
| --- | --- | --- |
| | H.E. Alexander V. Konovalov | Minister of Justice of the Russian Federation |
| | H.E. Sergei V. Lavrov | Minister of Foreign Affairs of the Russian Federation |

Enclosures:

1. A Russian translation of this letter.
2. Annex 6 - List of entities harmed by the measures described in the 15 October 2014 letter from John Townsend to H.E. D. A. Medvedev (Russian and English)

64979305_5

# Annex 6
# (English)


# Приложение 6
# (Английский)

List of Entities and Persons
Harmed by the Actions of the Russian Federation and Crimean Authorities
Described in 15 October 2014 Letter from John M. Townsend to H. E. Dmitri A. Medvedev

1. PJSC Privatbank
2. Stabil LLC
3. Rubenor LLC
4. Rustel LLC
5. Novel-Estate LLC
6. Kirovograd-Nafta LLC
7. Crimea-Petrol LLC
8. Pirsan LLC
9. Trade Trust LLC
10. Elefteria LLC
11. VKF Satek LLC
12. Stemv-Group LLC
13. Torgovyi Dom Hermes Oil LLC
14. Belbek LLC
15. ChP Edelveis 2000
16. Everest Estate LLC
17. ChAO Fortuna
18. YuBK-Invest LLC
19. Niva-Tour LLC
20. Imme LLC
21. ChP Planeta
22. PVIF Noviy Fund KUA Finance Capital LLC
23. PVIF Capital Investments KUA Finance Capital LLC
24. KUA Finance Capital LLC
25. PVIF D-Capital Plus KUA Finance Vector LLC
26. KUA Finance Vector LLC
27. Krim-Development LLC
28. PJSC Aerobud
29. Privatoffice LLC
30. Estate Service LLC
31. Dairis LLC
32. Dilayn LTD
33. TRK ZHISA LLC
34. ESTATEALLIANCE LLC
35. Kolomoisky Igor Valeriyovych
36. Bogoliubov Gennady Borysovych
37. Other legal entities and natural persons that own interests in the legal entities on this list or the properties affected by the decrees reproduced in Annexes 3, 4, and 5.